Supreme Court, New York Special Term, February, 1903. Reported. 86 N. Y. Supp. 683.

## PEOPLE v. HOENIG.

BISCHOFF, J.: The fact that there has been one conviction of an agent or servant of the certificate holder heretofore involves the loss by the latter of his privileges under the certificate, should this prosecution result in a conviction. (Liquor Tax Law, § 34, subd. 3.) Therefore the reasons which justify an application for a direction that the charge be prosecuted by indictment, in the case of the certificate holder, personally, apply to such a case as this.

Motion granted.

Supreme Court, New York Special Term. Reported. N. Y. L. J., March 5, 1903.

In the Matter of the Application of MARTIN ARMSTRONG to Revoke the Liquor Tax Certificate of MARTIN ANDERSON.

*Joseph P. Joachimsen,* for petitioner.

McCALL, J.: In this matter I am not at all satisfied that the service made was a proper service but eliminating that feature, the essential requirement of the written consent of the State Commissioner of Excise, as provided for in subdivision 2 of section 28 of the Liquor Tax Law is lacking and upon that ground, if no other, the motion is denied with leave to renew.